IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN P. CONTO, | Civil Action No. 05-1509 |
| Plaintiff, | |
| vs. | |
| | Judge Hardiman |
| NORFOLK SOUTHERN CORPORATION | |
| Defendant. | JURY TRIAL DEMANDED |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Brian P. Conto, by undersigned counsel, and pursuant to Fed.R.Civ.P. 15(a), files this Motion to Amend and in support states the following:

1. Plaintiff originally filed his complaint on October 28, 2005, alleging Defendants failed to hire him because of his disability, and therefore discriminated against Conto in regard to hiring in violation of 42 U.S.C. §12112(a).

2. On April 5, 2005, Plaintiff filed a Charge of Discrimination with the EEOC and cross filed his Complaint of Discrimination under the Pennsylvania Human Relations Act at the Pennsylvania Human Relations Commission on April 11, 2005.

3. Under the PHRA, a plaintiff must allow the Commission one year to investigate and resolve his charge. Only after one year has passed can a plaintiff bring his claims under the PHRA to state or federal court. 43 Pa.Cons.Stat.Ann. §962(c)(1). Thus, at the time the original Complaint was filed in this case, Plaintiff could not have included a claim under the PHRA.

4. More than one year has passed since Plaintiff's charge of discrimination was filed at the Pennsylvania Human Relations Commission.

5. Plaintiff's claim under the PHRA is identical to that made under the ADA. As such, the PHRA claim is "so related to the claims in the action within [the court's] original jurisdiction [i.e. the ADA claim] that they form part of the same case or controversy," and thus, supplemental jurisdiction is proper. 28 U.S.C. §1367(a).

6. Moreover, Plaintiff's PHRA claim does not raise any novel or complex issues of state law and the state PHRA claim does not predominate over the ADA claim.

7. Defendant will not be prejudiced by the addition of the PHRA claim, as the issues and defenses will be identical as those under ADA.

8. The amendment of the complaint will not cause any delay or duplication in this case.

9. A copy of the proposed Amended Complaint is attached as Exhibit 1.

        Respectfully submitted,

        **Ogg, Cordes, Murphy & Ignelzi**

        /S/ Samuel J. Cordes
        Samuel J. Cordes
        John E. Black, III

        Pa.I.D. #54874 (Cordes)
        Pa.I.D. #83727 (Black)

        245 Fort Pitt Boulevard
        Pittsburgh, PA 15222
        (412) 471-8500

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify on this 12th day of April, 2006, I served a copy of ***Plaintiff's Motion for Leave to File Amended Complaint*** via first class mail, postage prepaid upon the following:

Thomas May
Dickie McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222

/S/ Samuel J. Cordes
Samuel J. Cordes